UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CR-30068 |
| | ) | |
| ANTHONY M. LYONS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter came before the Court on August 13, 2012 for the sentencing of Defendant Anthony M. Lyons. The Government appeared by Assistant United States Attorney Jason Bohm. Defendant appeared in person with his attorney, Mark Wykoff.

On October 6, 2011, Defendant was charged by a single-count Indictment for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). On March 27, 2012, a jury found Defendant guilty of the offense charged in the Indictment, and a judgment of conviction was

entered. See Minute Entry of March 27, 2011. The United States Probation Office prepared a Revised Presentence Report (PSR), dated June 29, 2012.

At the sentencing hearing, this Court stated that it had reviewed the PSR, Defendant's Sentencing Commentary (d/e 43), Defendant's Pro Se Addendum to Sentencing Commentary (d/e 44), and the Government's Sentencing Commentary (d/e 42). The Court heard arguments regarding objections to the PSR, including pro se argument by Defendant. Defendant raised an additional pro se objection that was not previously filed with the Court. The Court overruled all objections and adopted the findings of the PSR as its own. The Court determined that the Guideline sentence was 210 to 260 months with a supervised release term of 30 months.

The Court then heard arguments regarding the sentence from the Government and Defendant's counsel and heard the allocution of Defendant. The Court declined to impose a below-Guideline sentence, as requested by Defendant. After consideration of the sentencing factors in

18 U.S.C. § 3553(a), as well as the relevant Guideline provisions, case file, and all arguments presented, this Court sentenced Defendant to 210 months' imprisonment with a five-year term of supervised release.

The Court now issues this Opinion to set forth in further detail the Court's reasons for overruling Defendant's objections and imposing the sentence.

## I. SENTENCING GUIDELINES

### A. The PSR's Guideline Calculations

The PSR stated that Defendant's base offense level was 24 under U.S.S.G. § 2K2.1. The PSR assigned Defendant two additional points under U.S.S.G. § 2K2.1(b)(4)(A) because Defendant's offense involved a stolen firearm. The PSR also added two additional points for obstruction of justice under U.S.S.G. § 3C1.1, finding that Defendant had falsely testified at trial regarding the events surrounding the offense. Specifically, the PSR stated that Defendant falsely testified (1) that he had no knowledge of the firearm found on his person prior to the time that he was booked into Sangamon County Jail and (2) that he was

3

mistreated by law enforcement officials and was taken for a "joy ride" around Springfield, Illinois, after his arrest. See PSR at 4 (para. 10). As a result, Defendant's adjusted offense level was 28.

Next, the PSR found that Defendant had three prior convictions for controlled substance offenses: (1) unlawful delivery of a controlled substance, Livingston County, Illinois, Circuit Court, Case No. 00-CF-107; (2) unlawful delivery of a controlled substance, Will County, Illinois, Circuit Court, Case No. 05-CF-2142; and (3) unlawful delivery of a controlled substance, Will County, Illinois, Circuit Court, Case No. 06-CF-1842. Based on these three convictions, the PSR found that Defendant was subject to an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). See 18 U.S.C. § 924(e). The ACCA provides that an individual who violates section 922(g) and has "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). As a

result, the PSR concluded that Defendant's base offense level was 33 under U.S.S.G. § 4B1.4(b)(3)(B).

According to the PSR, Defendant had 11 criminal history points, placing him in a criminal history category of V. Based on a total offense level of 33 and a Criminal History Category of V, and according to the Sentencing Table, the PSR found that Defendant's applicable Guideline Range was 210 to 262 months' imprisonment.

B.     Defendant's Objections to the PSR

At sentencing, the Court first heard argument on Defendant's objections that were filed by Defendant's counsel and then heard argument on Defendant's pro se objections.

Defendant first objected to the imposition of a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. This Court found that the matter would not affect sentencing because Defendant's base and total offense level was 33, due to the application of the armed career criminal enhancement, regardless of whether the Court applied the obstruction of justice enhancement. Therefore, the Court

overruled the objection as moot.

Defendant next objected to the PSR's categorization of Defendant as an armed career criminal under the ACCA, 18 U.S.C. § 924(e), which sets a mandatory minimum sentence of fifteen years' imprisonment. See PSR at 6 (para. 22). This Court overruled the objection, finding that Defendant was properly subject to the enhancement under the ACCA, 18 U.S.C. § 924(e). Defendant has three prior convictions by a court referred to in section 922(g)(1) for a "serious drug offense," committed on occasions different from one another. See 18 U.S.C. § 924(e). Therefore, Defendant is subject to the enhanced penalty under the ACCA.

Next, Defendant objected to the inclusion of "other criminal conduct" on pages 48-79 of the PSR. The Court overruled the objection. The inclusion of other criminal conduct in the PSR is permissible pursuant to Federal Rule of Criminal Procedure 32(d)(2)(A), which states that the PSR must contain the defendant's history and characteristics.

Next, Defendant objected to paragraphs 124 and 125 of the PSR.

With respect to paragraph 124, Defendant objected to the inclusion of the statement that "an upward departure may be warranted" if reliable information indicates that defendant's criminal history category substantially under-represents the seriousness of his criminal history. With respect to paragraph 125, Defendant objected to the inclusion of the statement that "defendant's prior record is a factor" that may warrant a variance. The Court overruled both objections as moot because the Court found that the matters would not affect sentencing.

Next, the Court heard and ruled on Defendant's twelve pro se objections. Initially, the Court overruled Defendant's oral pro se Objection to paragraph 32 of the PSR, which describes Defendant's conviction for reckless discharge of a firearm in Rock Island County, Illinois, on September 18, 1996. Defendant asserted that the imprisonment sentence for this conviction should not have resulted in the addition of three criminal history points because the sentence was outside of the fifteen-year period required for criminal history computation. Section 4A1.1(a) of the Guidelines provides that a

7

defendant is assigned three criminal history points for each prior sentence of imprisonment exceeding one year and one month.  See U.S.S.G. § 4A1.1(a).  Application Note 1 to section 4A1.1 states that "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period."  See id. (Application Note 1). Defendant commenced the instant offense on September 14, 2011.  Fifteen years prior to that date was September 14, 1996.  The PSR indicates that Defendant was not sentenced for the reckless discharge of a firearm offense until November 18, 1996.  Therefore, the date of termination of his incarceration for that conviction was well within the fifteen-year period stated in U.S.S.G. § 4A1.1.  Accordingly, the Court found that the addition of three criminal history points for Defendant's September 18, 1996 conviction for reckless discharge of a firearm was appropriate.

The Court overruled the following three pro se objections because they were repetitive of objections that the Court had already overruled:

(1) an objection to the designation of Defendant as an armed career criminal under the ACCA, 18 U.S.C. § 924(e); (2) an objection to the application of the two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1; and (3) an objection to the PSR's inclusion of other criminal conduct.

In his next objection, Defendant disputed the factual accuracy of paragraph 6 of the PSR. Defendant asserted that he never stated "that he had a gun on him" on the night of the offense, after Springfield Police Officers informed Defendant that they were going to conduct a pat-down search of his person. The Court overruled the objection, finding that the paragraph was based on sufficiently reliable information, including, but not limited to, the trial testimony of the officers who conducted the pat-down search of Defendant.

The Court also overruled Defendant's objection to the Victim Impact statement, which stated that society is the victim of the crime. Defendant stated that he had "a problem" with the statement, but Defendant offered no further argument in support of the objection.

Defendant next objected to paragraph 28 of the PSR, which describes Defendant's prior charge and conviction for disorderly conduct and assault on May 20, 1992 in Rock Island County, Illinois. The PSR did not assign Defendant a criminal history point for this conviction. Defendant objected to the paragraph because he asserted that he was not "the culpable actor" in the offense. The Court overruled the objection as moot, because the Court determined that the matter would not affect sentencing.

Defendant also objected to paragraph 32 of the PSR, which describes Defendant's prior conviction for reckless discharge of a firearm on September 18, 1996 in Rock Island County and assigns Defendant three criminal history points. Defendant asserted that reckless discharge of a firearm is not a crime of violence. The Court overruled the objection as moot, because the Court found that the matter would not affect sentencing.[1]

---

[1] The Court notes that the fifteen-year mandatory minimum sentence under the ACCA, section 924(e), would apply even if Defendant had no conviction for reckless discharge of a firearm, because Defendant has three separate prior convictions for a "serious drug offense." See 18 U.S.C. § 924(e).

Next, Defendant objected to paragraph 38 of the PSR.  The Court overruled the Objection.  Paragraph 38 describes Defendant's prior conviction for unlawful delivery of a controlled substance (see 720 ILCS 570/401(d)) on September 14, 2000 in Livingston County, Illinois, for which Defendant was sentenced to 10 years in prison.[2]  The PSR assigned Defendant three criminal history points for this conviction and sentence.  Most significantly, this conviction is one of the three prior convictions for a "serious drug offense" that triggered the fifteen-year mandatory minimum sentence under the ACCA, 18 U.S.C. § 924(e).

In his pro se Objection, Defendant asserted that his September 14, 2000 conviction for unlawful delivery of a controlled substance was not a conviction for a "serious drug offense" under the ACCA.  Defendant contended that the maximum term of imprisonment for the offense was less than ten years, and that Defendant received 10 years in prison only because he was "extended-term eligible."

---

[2] The PSR does not specify under which statute Defendant was charged and convicted.  The Court contacted the United States Probation Officer who prepared the PSR and learned that Defendant was charged and convicted under 720 ILCS 570/401(d).

Under the ACCA, an individual who violates section 922(g) and has "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Under section 924(e)(2)(A)(ii), an offense under State law is a "serious drug offense" for the purposes of section 924(e)(1) if the offense involved "manufacturing, distributing . . . a controlled substance . . . for which <u>a maximum term of imprisonment of ten years or more is prescribed by law</u>." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).

Here, Defendant's September 14, 2012 conviction was for unlawful delivery of a controlled substance under 720 ILCS 570/401(d), which is a Class 2 felony. Under Illinois law, a Class 2 felony is punishable by a sentence of not less than three years and not more than seven years. 730 ILCS 5/5-4.5-35(a). Ordinarily, such a conviction would not qualify as a "serious drug offense" under the ACCA. However, Defendant was convicted of an "extended-term" Class 2 felony under 720 ILCS

570/401(d), and the sentence for an extended-term Class 2 felony is a term of not less than seven and not more than fourteen years. See 730 ILCS 5/5-4.5-35(a). Therefore, Defendant's conviction was punishable by a maximum term of imprisonment of "ten years or more" and qualifies as a "serious drug offense" under the ACCA. See 18 U.S.C. § 924(e)(2)(A)(ii); United States v. Henton, 374 F.3d 467, 469 (7th Cir. 2004) (finding that defendant's prior conviction under Illinois law for an extended-term Class 2 felony, which made him eligible for a sentence of seven to fourteen years, qualified as a "serious drug offense" under the ACCA, even though a non-extended term Class 2 felony under the Illinois statute was punishable by only three to seven years).

At the sentencing hearing, the Government responded that section 4B1.2 of the Guidelines defines a controlled substance offense as "any federal or state law punishable by a term of imprisonment exceeding one year that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." Based on that provision, the Government argued that because Defendant's September 14, 2000

13

conviction was for a felony punishable by more than one year, the conviction should count for the purposes of the ACCA. However, this Court notes that the ACCA applies to a defendant who has three previous convictions of a violent felony or a "serious drug offense"; the statute does not refer to a "controlled substance offense." See 18 U.S.C. § 924(e)(1). Therefore, the relevant definition is that of a "serious drug offense" under State law, which is an offense for which the maximum term of imprisonment is ten years or more. See 18 U.S.C. § 924(e)(2)(A)(ii) (defining a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law").

Following Defendant's allocution, the Government sought to correct its position. The Government stated that Defendant's conviction was for a Class 1 felony and that the statutory penalty for such a conviction is five to fifteen years, which is over ten years. However,

Defendant was convicted of unlawful delivery of a controlled substance under 720 ILCS 570/401(d), which is a Class 2 felony. Defendant received an extended-term sentence under that statute. The sentence for an extended-term Class 2 felony is a term of not less than seven and not more than fourteen years, which exceeds ten years. 730 ILCS 5/5-4.5-35(a).

Therefore, while this Court agreed with the Government that Defendant's September 14, 2000 conviction was a conviction for a serious drug offense and overruled Defendant's objection to paragraph 38 of the PSR, this Court did not rely on the Government's reasoning in ruling on the objection.

Next, Defendant objected to the PSR's criminal history computation, asserting that he objected to his "background being used twice," once to qualify Defendant for the armed career criminal enhancement and again to calculate Defendant's criminal history. The Court overruled the objection, finding that Defendant's criminal history was properly computed in the PSR.

Defendant also objected to paragraph 80 of the PSR, which describes a pending charge in Sangamon County Circuit Court. Defendant asserted that the allegation that "he was observed driving through yards and running a stop sign" is "not right." The Court overruled the objection as moot because the Court found that the truth of the allegations described in this paragraph would not affect sentencing.

Finally, Defendant objected to paragraph 86 of the PSR, asserting that his sister died in 1997, and not in 2001. The Court granted Defendant's motion to amend and corrected paragraph 86 by interlineation to reflect that Defendant's sister died in 2001.

## II. SENTENCE

THEREFORE, after considering the case file, relevant Guideline provisions, relevant statutory sentencing factors, arguments of counsel, and Defendant's statements at the sentencing hearing, this Court sentenced Defendant to 210 months' imprisonment. The Court found that the sentence was sufficient, but not greater than necessary. See 18 U.S.C. § 3553(a). Upon his release from prison, the Court ordered

Defendant to serve a five-year term of supervised release.  No fine was imposed, as Defendant has no ability to pay.  Defendant was not ordered to pay restitution.  The Court ordered Defendant to pay a $100.00 special assessment that was due immediately.  The Court recommended to the Bureau of Prisons that Defendant be placed in a facility as close as possible to Defendant's family in Chicago, Illinois.

The Court informed Defendant of his right to appeal.  Defendant indicated that he wished to appeal and filed a Notice of Appeal with the Clerk.

IT IS SO ORDERED.

ENTER: August 23, 2012

FOR THE COURT:                    <u>s/ Sue E. Myerscough</u>
                                   SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE